IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICCI LINN CHATMON,                )<br>                                                           )<br>     Plaintiff,                                )<br>                                                           )<br>v.                                                     )<br>                                                           )<br>KILOLO KIJAKAZI,                          )<br>  Acting Commissioner of the        )<br>  Social Security Administration,     )<br>                                                           )<br>     Defendant.                             ) | Case No. CIV-23-291-P |

## ORDER

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her application for supplemental security income ("SSI") under Title II of the Social Security Act, 42 U.S.C. § 1382. Defendant has answered the Complaint and filed the administrative record (hereinafter AR___), and the parties have briefed the issues. For the following reasons, Defendant's decision is reversed and remanded for further proceedings consistent with this opinion.

I. <u>Administrative History and Final Agency Decision</u>

Plaintiff initially filed an application for SSI on January 5, 2021, alleging disability since March 18, 2020. AR 12. The Social Security Administration denied Plaintiff's application initially and on reconsideration. *Id.*

Plaintiff, appearing with counsel, and a vocational expert ("VE") testified at a telephonic administrative hearing conducted before an administrative law judge ("ALJ") on August 1, 2022. AR 32-62. On September 22, 2022, the ALJ issued a decision in which he found Plaintiff had not been disabled within the meaning of the Social Security Act at any time from January 5, 2021, the application date, through date of the decision. AR 9-26.

Following the agency's sequential evaluation procedure, the ALJ found at the first step that Plaintiff had not engaged in substantial gainful activity since January 5, 2021, the application date. AR 15. At the second step, the ALJ found Plaintiff had the following severe impairments: COPD with shortness of breath on exertion, umbilical hernia status post-repair, and "a mental impairment variously diagnosed as anxiety; depression; other specified depressive disorder; major depressive disorder, recurrent, moderate; and PTSD." *Id.* (footnote omitted). At the third step, the ALJ found these impairments were not *per se* disabling as Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of a listed impairment. AR 16.

At step four, the ALJ found, relevant to this appeal, that Plaintiff had the residual functional capacity ("RFC") to perform simple, routine, and repetitive work tasks, involving short and simple work instructions. AR 18-19. The ALJ presented the RFC limitations to the VE to determine whether there were jobs in the national

economy Plaintiff could perform. AR 58-60. Given the limitations, the VE determined Plaintiff could not perform any of her past relevant work, but identified three jobs, including cook helper, cleaner, and machine operator, from the Dictionary of Occupational Titles ("DOT") that Plaintiff could perform. *Id.* The ALJ asked the VE if his testimony was consistent with the DOT and the VE testified that with regard to Plaintiff's ability to perform simple, routine, and repetitive work tasks, involving short and simple work instructions, it was consistent. AR 60.[1] The ALJ ultimately adopted the VE's testimony and concluded, at step five, that Plaintiff was not disabled based on her ability to perform the identified jobs. AR 24-25.

II. <u>Issue Raised</u>

Plaintiff contends the jobs the ALJ relied upon at step five conflict with the RFC's limitation to simple, routine, and repetitive work, involving short and simple work instructions. Doc. No. 11 ("Op. Br.") at 4-7.

III. <u>General Legal Standards Guiding Judicial Review</u>

Judicial review of Defendant's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *Poppa v. Astrue*, 569

---

[1] The VE explained that the DOT does not address other RFC limitations related to "time off task, absenteeism, inability to do high rate or production rate jobs, and then interactions with supervisors, coworkers, and customers," and that his testimony that Plaintiff could perform the identified jobs was based upon his "13 years' experience in the field." *Id.*

3

F.3d 1167, 1169 (10th Cir. 2009). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, __ U.S. __, 139 S.Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations, quotations, and brackets omitted). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* (quotations omitted). While a court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, a court does not reweigh the evidence or substitute its own judgment for that of Defendant. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

IV. <u>Analysis</u>

The DOT defines occupations, in part, by the "reasoning level" required to perform the occupation. Reasoning levels describe a job's requirements for understanding instructions and dealing with variables. These levels range from one to six, with one being the simplest and six the most complex. Reasoning level one

requires a worker to be able to "[a]pply commonsense understanding to carry out simple one- or two-step instructions" and "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job." DOT, App. C, Components of the Definition Trailer, 1991 WL 688702. Reasoning level two requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and] [d]eal with problems involving a few concrete variables in or from standardized situations." *Id.*

Based on their reasoning levels, Plaintiff challenges the ALJ's finding at step five that she could perform the jobs identified by the VE. Op. Br. at 4-7. In his decision, the ALJ concluded Plaintiff could perform the jobs of cook helper, cleaner, and machine operator, each of which has a reasoning level of two. DOT, #317.687-010 ("cook helper"), 1991 WL 672752; DOT #381.687-018 ("cleaner"), 1991 WL 673258; DOT #920.685-078 ("machine operator"), 1991 WL 687942. Plaintiff asserts that the RFC, which limited her to simple, routine, and repetitive work involving short and simple work instructions, conflicts with a job that requires a reasoning level of two.

An ALJ has a duty to identify and resolve any apparent conflicts between the DOT and a VE's testimony regarding whether a plaintiff can perform certain jobs. Social Security Ruling 00-4p, 2000 WL 1898704, at *2. To that end, the ALJ must ask the VE whether his or her testimony conflicts with the DOT. *Id.* at *4. Even if

5

the VE answers "no," the ALJ has a duty to independently identify and resolve any apparent conflicts before relying on the expert's testimony. *Id.*

The Tenth Circuit has indicated that a limitation to simple *tasks* is consistent with level two reasoning. *See Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (stating that a limitation to simple and routine work tasks "appears more consistent" with level 2 reasoning than with level 3 reasoning); *Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008) (finding that a limitation to simple, repetitive work was "consistent with the demands of level-two reasoning"). However, the Tenth Circuit has not determined whether a limitation to simple *instructions* is consistent with level two reasoning. *See Paulek v. Colvin*, 662 F. App'x 588, 594 (10th Cir. 2016) ("[W]e have not spoken to whether a limitation to simple and routine work *tasks* is analogous to a limitation to carrying out simple *instructions*[.]" (emphasis added)). In both *Hackett* and *Paulek*, the Tenth Circuit cited with approval to an Eighth Circuit case in which the court held that a limitation to simple instructions is inconsistent with both level two and level three reasoning. *Paulek*, 662 F. App'x at 594 (citing *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997)); *Hackett*, 395 F.3d at 1176 (same).

In her Response, Defendant asserts there is no distinction between tasks and instructions and therefore, no conflict exists between Plaintiff's RFC and reasoning level two jobs. Doc. No. 15 at 9-11. However, since *Paulek* and *Hackett,* this Court

has generally drawn a distinction between simple tasks and simple instructions when determining whether an RFC containing such limitations conflicts with level two reasoning. *See Calvin v. Kijakazi*, No. CIV-21-1046-SM, 2022 WL 3268745, at *4 (W.D. Okla. Aug. 10, 2022) ("Although a limitation to simple tasks is consistent with a reasoning level of two, that is not the case for a limitation to simple instructions." (citing *C.H.C. v. Comm'r, Soc. Sec. Admin.*, 20-cv-2428-KLM, 2022 WL 950433, at *7 (D. Colo. March 29, 2022) (explaining that "*Hackett* concerned *work tasks*, not *instructions*, and the Court has found no legal authority equating the two for purposes of legal analyses"))); *Rutledge v. Kijakazi*, No. CIV-21-1012-C, 2022 WL 2232518, at *4 (W.D. Okla. May 31, 2022) (reversing and remanding where RFC contained limitation to simple instructions, the jobs identified at step five required level two reasoning, and neither the VE nor the ALJ addressed the same), *adopted*, 2022 WL 2232205 (W.D. Okla. June 21, 2022); *Rodgers v. Kijakazi*, No. CIV-21-12-STE, 2022 WL 801560, at *4-5 (W.D. Okla. March 15, 2022) (finding an unresolved conflict exists between an RFC limitation to understanding, remembering, and carrying out simple instructions and reasoning level two, stating, "Although the statement regarding simple instructions was dictum in *Paulek*, the fact remains that [the] Tenth Circuit has not definitively determined whether level two reasoning is consistent with RFC limitations of 'simple instructions,' but it has affirmatively cited the Eighth Circuit in this regard."); *Steele v. Kijakazi*, No. CIV-

7

20-1294-STE, 2022 WL 801579, at *6 (W.D. Okla. March 15, 2022) (finding no conflict between RFC limitation to simple, routine, repetitive tasks and level two reasoning); *Long v. Kijakazi*, No. CIV-20-658-SM, 2021 WL 3826478, at *3-4 (W.D. Okla. Aug. 26, 2021) (finding conflict between RFC containing limitation to understanding, remembering, and carrying out simple instructions and reasoning level two jobs and noting ALJ never inquired as to whether such conflict existed); *Wilson v. Saul*, No. CIV-18-1185-F, 2019 WL 6337444, at *5, 7 (W.D. Okla. Oct. 18, 2019) (affirming where RFC limited the plaintiff to simple, routine, and repetitive tasks and ALJ relied on reasoning level two jobs the plaintiff could perform, stating, "[T]he Tenth Circuit has rejected the notion that a 'limitation to simple, repetitive and routine work should be construed as a limitation to jobs with a reasoning level rating of one.'" (quoting *Stokes*, 274 F. App'x at 684)); *Forsell v. Berryhill*, No. CIV-18-94-STE, 2018 WL 6440882, at *7-8 (W.D. Okla. Dec. 7, 2018) (finding no inherent conflict between RFC limitation to simple, routine, and repetitive tasks and level two reasoning jobs); *Lee v. Berryhill*, No. CIV-16-483-R, 2017 WL 2892338, at *7 (W.D. Okla. June 15, 2017) (same); *but see Tedder v. Kijakazi*, No. CIV-20-1211-P, 2021 WL 5826275, at *4 (W.D. Okla. Dec. 8, 2021) ("[A] limitation to simple tasks involving one to two step instructions is consistent with . . . [a] reasoning level of two") (citing *Ray v. Comm'r of Soc. Sec.*, No. CIV-18-00638-SM, 2019 WL 1474007, at *5 (W.D. Okla. Apr. 3, 2019) ("The court finds

that, on its face, the description for a reasoning level of 2—the ability to carry out detailed but uninvolved written or oral instructions—does not conflict with Plaintiff's RFC limitation to carrying out simple work-related instructions and tasks." (quotations omitted)); *Dickson v. Saul,* No. CIV-19-248-SM, 2019 WL 5684513, at *3 (W.D. Okla. Nov. 1, 2019) ("[T]he court finds that a reasoning level of two does not conflict with a limitation to understanding, remembering, and applying simple, routine instructions."); *Roth v. Colvin*, CIV-16-0002-D, 2017 WL 394676, at *9 (W.D. Okla. Jan. 11, 2017) (finding that a RFC determination allowing a plaintiff to perform jobs with "simple, repetitive, routine instructions and work decisions" was "consistent with reasoning level 2" (quotations omitted)).

Given this Court's history on this issue, the Court rejects Defendant's argument that it should conflate limitations to simple tasks with those to simple instructions. The ALJ in this matter limited Plaintiff not only to simple work but also short and simple instructions. AR 18-19. The latter limitation conflicts with the reasoning level two jobs the ALJ identified at step five, *see supra*, and neither the ALJ nor the VE addressed the same.

In this regard, Defendant argues that the VE's testimony was sufficient because the ALJ asked the VE about any conflicts with the DOT and gave Plaintiff's counsel the opportunity to cross-examine the VE. Doc. 15 at 4-5, 12-13. In *Hackett*, however, the Tenth Circuit focused on the VE's failure to acknowledge and explain

9

a discrepancy between the testimony and the DOT. *Hackett*, 395 F.3d at 1175 ("[T]here is no indication in the record that the VE expressly acknowledged a conflict with the DOT or that he offered any explanation for the conflict."). Here, neither the VE nor the ALJ acknowledged or explained a discrepancy between the testimony and the DOT as it relates to short and simple instructions. As for Defendant's argument that Plaintiff's counsel at the hearing did not address the conflict, the court in *Hackett* reversed despite specifically acknowledging the plaintiff was represented by counsel who did not raise the issue at the time of the hearing. *Id.* at 1176. Thus, this argument lacks merit.

Defendant also asserts, relying on two unpublished cases, that the DOT's reasoning levels "describe the general educational background that makes an individual suitable for a job, not the simplicity or complexity of an occupation." Doc. No. 15 at 7 (citing *Anderson v. Colvin*, 514 F. App'x 756, 764 (10th Cir. 2013) and *Mounts v. Astrue*, 479 F. App'x 860, 868 (10th Cir. 2012)). The argument continues that given Plaintiff's educational background, [i.e., having completed one year of college,] the VE "saw no inconsistency between his testimony and the DOT; and the ALJ, in turn, reasonably relied on the vocational expert's testimony." *Id.* This Court has repeatedly rejected this argument. *See Fields v. Kijakazi,* No. CIV-23-183-STE, 2023 WL 4868563, at *3 (W.D. Okla. July 31, 2023) (citing *Wilson,* , 2019 WL 6337444, at *6; *Stevens v. Comm'r of Soc. Sec.,* No. CIV-18-1129-SM, 2019 WL

2476750 (W.D. Okla. June 13, 2019); *Collins v. Comm'r of Soc. Sec. Admin.,* No. CIV-17-018-HE, 2017 WL 4204036, at *4 (W.D. Okla. Sept. 21, 2017); *Paddelty v. Colvin,* No. CIV-14-891-D, 2016 WL 3647697, at *3 (W.D. Okla. July 1, 2016); *Clark v. Colvin,* 2016 WL 1171153, at *6 (W.D. Okla. Feb. 26, 2016), *adopted*, 2016 WL 1178807 (W.D. Okla. Mar. 23, 2016)).

V. Conclusion

Based on the foregoing analysis, the decision of the Commissioner is reversed and remanded for further administrative proceedings consistent with this opinion. Judgment will issue accordingly.

ENTERED this   22nd   day of August, 2023.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE